UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-373-H

MARTY WALTER STANIFER					PLAINTIFF

LIBERTY MUTUAL FIRE INSURANCE CO.		INTERVENING
									PLAINTIFF

V.

ALPHEUS R. BRANNAN
AND
THELMA D. ALLDREDGE			DEFENDANTS/INTERVENING DEFENDANTS

AND

STATE FARM INSURANCE COMPANY		INTERVENING DEFENDANT

**MEMORANDUM OPINION AND ORDER**

      Plaintiff, Marty Walter Stanifer, a Kentucky resident, suffered personal injuries arising out of an automobile accident which occurred in Morgan County, Decatur, Alabama.  In this complaint, he alleges that his injuries were caused by the negligence of Defendants, Alpheus R. Brannan and Thelma D. Alldredge, both of whom are residents of Alabama.  Plaintiff filed this complaint in this Court alleging jurisdiction based on diversity of citizenship.  28 U.S.C.§ 1332.  Rather than answer the complaint, Defendants moved to dismiss based on lack of personal jurisdiction and improper venue.  Plaintiff responded by moving for a change of venue.

      Whether this Court can assert personal jurisdiction over Defendants depends on meeting the requirements of the Due Process Clause of the United States Constitution and Kentucky's long arm statute, KRS 454.210, permits it.  The answer in this particular case is quite clear.  This

Court does not have personal jurisdiction over Defendants. Defendants are both Alabama residents and the accident occurred in Alabama. Plaintiff presents no facts suggesting that either of Defendants have any connection or association whatsoever with the state of Kentucky. Indeed, not surprisingly, Plaintiff makes no attempt to even persuade the Court that it has personal jurisdiction over Defendants. Instead, Plaintiff asks that the case be transferred to the United States District Court for the Northern District of Alabama by operation of 28 U.S.C. § 1406(a), the *forum non conveniens* statute.

It is clear that the Court may transfer a case via 28 U.S.C. § 1406(a) even when it lacks personal jurisdiction over the defendant. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962). *See also Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989); *Taylor v. Love*, 415 F.2d 1118, 1120 (6th Cir. 1969). This Court has broad discretion to effect such a transfer in the interest of justice. However, those interests would not be served by doing so in this case. Plaintiff filed this complaint in Kentucky without having the slightest reason to believe that he could obtain personal jurisdiction over the Defendants within this jurisdiction. Whether the filing of this complaint here was a matter of oversight, inattention or wilful abuse of process, this Court does not know and need not determine. The fact is, that after having misused the processes of the Court, the interests of justice are not well served by allowing Plaintiff to maintain his suit as filed.

Under different circumstances, the Court could be persuaded to exercise its discretion. Here, the lawsuit so obviously lacks merit as to jurisdiction over these Defendants that it would be unfair to give Defendants anything less than the complete remedies that they request. That the result of this decision may be the complete loss of Plaintiff's claim, is not a fact which

carries particular weight under these circumstances. The "interest of justice" analysis which might permit this Court to exercise its discretion by transferring venue should not permit Plaintiff to resurrect a claim which might be lost due to a complete lack of diligence in determining the proper forum in the first instance.

This result is unfortunately all too common and at least six courts of appeal have concluded that it is not an abuse of discretion for a district court to deny a motion to transfer under these circumstances. *See Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1202 (4th Cir. 1993); *Spar, Inc. v. Information Resources, Inc.*, 956 F.2d 392, 394 (2d Cir. 1992); *Deleski v. Raymark Industries, Inc.*, 819 F.2d 377, 381 (3d Cir. 1987); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983), *cert. denied*, 465 U.S. 1081 (1984); *Dubin v. United States*, 380 F.2d 813, 816 n. 5 (5th Cir. 1967). *See also Whittaker v. Winner*, 264 F.Supp.2d 281 (D. Md. 2003) ("It is . . . entirely unseemly for a plaintiff to file an action in a federal court clearly without personal jurisdiction over the defendants and then seek to utilize the provisions of [28 U.S.C. § 1406] to have the federal courts do plaintiffs' work for them and transfer the action to the appropriate federal court").

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss based on an absence of personal jurisdiction is SUSTAINED and the complaint is DISMISSED WITHOUT PREJUDICE.

cc:     Counsel of Record